Elizabeth S. Barton, admrx. et al. *v.* George W. Parker.

Chancery Court. *Commissioner's fee for stating account.*

A commissioner's compensation for stating an account should not exceed the fair and reasonable value of the work done.

Appeal from the Chancery Court of Yazoo County.

Hon. E. G. Peyton, Chancellor.

The appellee filed his bill in the court below for a partnership account of the firm of Barton & Parker, of which he was the surviving partner, making defendants the administratrix and heirs of Barton, who answered. An order of reference to a commissioner was made to state the account. He took depositions, and made out and reported the account, claiming two hundred dollars therefor. Various exceptions were filed, one of which related to the amount of his compensation.

*J. C. Prewett*, for the appellants.

The allowance to the commissioner for stating and reporting the account was excessive. Half the amount was enough for the work done. He charged the usual fees of a commissioner in chancery for the depositions.

*Garnett Andrews*, for the appellee.

Considering the skill, patience, and labor, necessary to read the twelve hundred pages of pleadings, exhibits, and proof, to carefully weigh and analyze them, and from them all, item by item, to make out the account, — no one competent for the task would have done the work for less than the allowance made. As the question, however, depends on an inspection of the record, the court can, if it thinks the amount excessive, determine what is proper, and make the decree which should have been rendered by the court below.

GEORGE, C. J., delivered the opinion of the court.

In addition to the errors of fact for which the decree is reversed, it is urged that the allowance of two hundred dollars to the commissioner for stating the account is excessive. We interfere with great reluctance with the action of the Chancellor in making allowances of this character, and probably would not feel justified in reversing for this alone. But we have carefully considered the objection, and are of opinion that one-half that amount would have been a liberal allowance for the service of stating the account, the commissioner having received the regular fees for taking the depositions. While it is proper that officers of court discharging duties of this kind, under the special direction of the court, should receive a fair compensation for their work; yet it should be borne in mind that in the allowance for such services there is no place for liberality or generosity. Suitors are taxed high enough when they are charged with the statutory fees; or, in cases like this, where they are made to pay the fair and reasonable value of the work done.

*Decree reversed.*